# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| KYLE AUSTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>WALGREENS CO.,<br><br>    Defendant. | CV 19-15-GF-BMM-JTJ<br><br><br>**FINDINGS AND RECOMMENDATIONS** |

## INTRODUCTION

Plaintiff Kyle Austin (Austin) brought this action against Defendant Walgreens Co. (Walgreens)[1] alleging that he was wrongfully terminated from his employment in violation of Montana's Wrongful Discharge from Employment Act (Wrongful Discharge Act), Mont. Code Ann. § 39-2-901 *et seq.*

Presently before the Court are the parties' cross-motions for summary judgment. The motions have been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) for findings and recommendations. The court conducted a hearing on the motions on February 3, 2020. The court is prepared to enter its findings and recommendations.

---

[1] Defendant has stated in its Answer that its correct business name is "Walgreen Co." (Doc. 6 at 1). If Defendant wishes to have the caption modified to reflect its correct business name, it should file an appropriate motion.

## BACKGROUND

Austin began working for Walgreens as a pharmacist on October 1, 2014. Austin was promoted to pharmacy manager on October 30, 2014. Austin was responsible for supervising staff pharmacists, pharmacy technicians, cashiers and interns.

Walgreens' store manager Kristin Leonard (Leonard) evaluated Leonard's performance in October 2015. Leonard submitted the evaluation to Walgreens' corporate office without first discussing the evaluation with Austin. The evaluation was generally positive. Austin was disappointed, however, with the "auto load" portion of the evaluation. Austin was concerned that the auto load portion of the evaluation may have a negative impact on his future pay increases and promotions.

Austin complained to Walgreens' District Manager Dean Gladman (Gladman). Gladman informed Austin that the evaluation could not be modified given that it had been submitted to the corporate office.

Unfortunately for all parties involved, the evaluation caused the professional relationship between Austin and Leonard to deteriorate. In November 2015, Leonard complained to Gladman that Austin had violated store policy by harassing pharmacy technician Audrey Hermanson; by changing the

door access code to the pharmacy; by refusing to wear a tie and pharmacy coat; and by leaving cash drawers from the pharmacy unsecured on the floor outside of her office. Austin, in turn, complained to Gladman that Leonard had created a hostile work environment.

On December 29, 2015, Walgreens human resource officer Leann Cook (Cook) recommended that Gladman provide Austin with a written warning regarding his conduct, and transfer Austin to a different Walgreens store. Gladman did not provide the warning and did not transfer Austin to a different store.

On or about December 31, 2015, Austin commented to pharmacy technician Austin Bies (Bies), at the end of a stressful week, that he may go home and "blow his brains out" or get in his plane and "fly[] it into Walgreens." (Doc. 26-1). Bies reported the statement to Leonard. Leonard, in turn, reported the statement to Gladman.

Gladman informed Austin that his statement violated Walgreens' policy against workplace violence. Gladman placed Austin on Family-Medical leave and required that Gladman be evaluated by a mental health professional. Austin agreed to undergo a mental evaluation.

Psychologist Dr. Steven Szykula, Ph.D. conducted the evaluation on or about February 25, 2016. Dr. Szykula determined that Austin did not exhibit any significant emotional problems. Dr. Szykula cleared Austin to return to work.

Walgreens determined that Austin should be discharged despite Dr. Szykula's evaluation. Cook instructed Gladman to fire Austin. Gladman fired Austin on March 1, 2016. Walgreens contends that it fired Austin for multiple reasons: he had violated Walgreens' policy against work place violence; he had violated Walgreens' policy regarding professional conduct; he had violated Walgreens' policy against harassment and discrimination; and he had engaged in general insubordination.

Austin claims that Gladman told him on March 1, 2016, that he was being fired based solely on the threat of self-harm and violence he made to Bies.

## Austin's Wrongful Discharge Claim

Austin alleges, in his Complaint, that Walgreens violated Montana's Wrongful Discharge Act in two ways. Austin alleges that Walgreens violated the Act by discharging him without good cause. (Doc. 4 at 3). Austin further alleges that the discharge violated the express provisions of Walgreens own written personnel policy. *Id.*

During the hearing on February 3, 2020, Austin conceded that his discharge did not violate the expressed provisions of Walgreens' personnel policy. Austin agreed that Walgreens was entitled to summary judgment on that portion of his claim. Austin argued that Walgreens remained liable under for wrongful discharge, however, because Walgreens had discharged him without good cause. The cross-motions for summary judgment submitted by the parties focus on whether Austin's discharge was supported by good cause.

## **DISCUSSION**

An employer is liable under Montana's Wrongful Discharge Act if the employer discharges a non-probationary employee without good cause. Mont. Code Ann. § 39-2-904 (1)(b). The Act defines "good cause" for discharge as a "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Mont. Code Ann. § 39-2-903(5). Montana law defines "a legitimate business reason" as a reason that is neither "false, whimsical, arbitrary, or capricious," and logically related "to the needs of the business." *Bird v. Cascade County*, 386 P.3d 602, 605 (Mont. 2016).

Summary judgment may be granted in favor of the employer in a wrongful discharge action if the undisputed facts show that the employer had good cause to

discharge the employee. *Bird*, 386 P.3d at 606. An employee may defeat an employer's motion summary judgment if the employee shows either that the discharge was not for good cause, or that the stated reason for the discharge was a pretext for an illegitimate reason. *Becker v. Rosebud Operating Services, Inc.*, 191 P.3d 435, 441 (Mont. 2008).

Here, Walgreens argues that it is entitled to summary judgment because it had good cause to fire Austin. Walgreens argues that Austin's insubordination, harassment of a female pharmacy technician, refusal to wear a tie and pharmacy coat, mishandling of pharmacy cash drawers, and threat of self-harm and violence, provided the required good cause.

Austin argues that he is entitled to summary judgment because Walgreens told him he was being discharged based solely on his threat of self-harm and violence, and that stated reason was "not the honest or real reason [he] was fired." (Doc. 31 at 8-9). Austin argues that Walgreens could not fire him in good faith based on his threat of self-harm and violence, because the threat was made in jest, Dr. Szykula had determined that he had no significant emotional problems, and Dr. Szykula had cleared him to return to work.

Neither party is entitled to summary judgment in this case. Genuine issues of material fact exist as to whether Walgreens had good cause to discharge Austin.

A reasonable jury could conclude that Austin's discharge was proper because he had harassed a female pharmacy technician, he had refused to wear a tie and pharmacy coat, he had mishandled pharmacy cash draws, and he had made a threat of self-harm and violence.  On the other hand, a reasonable jury could conclude that Austin's discharge was improper because it was based solely on a threat of self-harm and violence that was made in jest, and Dr. Szykula had determined that Austin could return to work.

Accordingly, IT IS HEREBY RECOMMENDED:

1.    Walgreens' Motion for Summary Judgment (Doc. 23) should be GRANTED in part, and DENIED in part, as follows:

      a.    The District Court should GRANT summary judgment in favor of Walgreens on the portion of Austin's claim alleging that Walgreens discharged him in violation of the express provisions of its own written personnel policy.

      b.    The District Court should DENY Walgreens' motion for summary judgment in all other respects.

2.    Austin's Motion for Summary Judgment (Doc. 29) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 11th day of February, 2020.

John Johnston
United States Magistrate Judge