IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KYLE AUSTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>WALGREENS CO.,<br><br>    Defendant. | CV 19–15–GF-BMM–JTJ<br><br>**ORDER ADOPTING<br>FINDINGS AND RECOMMENDATIONS** |

  Walgreens and Austin both filed motions for summary judgment. (Doc. 23, 29). United States Magistrate Judge John Johnston issued Findings and Recommendations recommending granting, in part, and denying, in part, Walgreens' Motion for Summary Judgment. (Doc. 49). The Magistrate Judge also recommended denying Austin's motion for summary judgment. (Doc. 49). Walgreens filed timely objections, (Doc. 50).

1

Walgreens filed timely objections and is therefore entitled to de novo review of the specified findings and recommendations to which it objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D.Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, Judge Johnston's Findings and Recommendations are adopted in full.

## DISCUSSION

Under Montana's Wrongful Discharge from Employment Act, an employer is prohibited from discharged a non-probationary employee without good cause. Mont. Code Ann. § 39-2-904(1)(b). "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties,

disruption of the employer's operation, or other legitimate business reason." Mont. Code Ann. § 39-2-903(5). If an employer presents evidence demonstrating good cause for the discharge, the employee must present evidence to establish that either "the given reason for the discharge is not good cause in and of itself, or that the given reason is a pretext and not the honest reason for the discharge." *Bird v. Cascade County*, 386 P.3d 602, 606 (Mont. 2016) (citation omitted). "All reasonable inferences" are drawn "in favor of the party opposing summary judgment." *Id.* at 605.

Walgreens raises a number of objections to the Findings and Recommendations, addressed in turn below. Many of these objections rehash the same arguments presented in the original motion for summary judgment. However, even on de novo review, the Court agrees with the Findings and Recommendations that neither party is entitled to summary judgment because genuine issues of material fact exist.

Walgreens argues that it presented undisputed facts that demonstrated Austin's termination was based on his violation of its policies. Additionally, Walgreens contends that whether Walgreens had good cause to terminate Austin based on his threat of self-harm and violence was an issue for the Court, not the jury. (Doc. 50 at 6). Whether an employer has good cause to terminate an employee *may* be an issue for the Court to resolve on summary judgment if there

are not issues of material fact. *See, e.g. Kestell v. Heritage Health Care Corp.*, 858 P.2d 3, 6 (Mont. 1993). Here, however, the Magistrate Judge concluded, and the Court agrees, that genuine issues of material fact preclude summary judgment.

Walgreens objects to the Magistrate Judge's conclusion that it is not entitled to summary judgment on good cause. (Doc. 50 at 12). Walgreens contends the undisputed facts establish that Austin violated the Policy Against Workplace Violence by threatening to harm himself and fly a plane into Walgreens. Because the Court must draw all reasonable inferences in favor of Austin, it notes the following facts presented by Austin. *Bird*, 386 P.3d at 605. According to Austin, he was being retaliated against and that Walgreens "had been looking for a solution to reduce the problems between Austin and Kristin Leonard." (Doc. 30 ¶ 27). Austin admits that after a particularly difficult week, he told a co-worker that "he felt like going home and blowing his brains out or crashing his plane into the store." (Doc. 31 at 6). Austin was then told he needed to undergo a mandatory evaluation process and would be terminated if he refused. (Doc. 30 ¶ 17). The evaluator concluded that Austin "did not exhibit any significant emotional disturbances that would prohibit him from returning to work." (Doc. 31 at 6).

A jury could determine that Walgreens had good cause to terminate Austin based on his violation of the policy, but, drawing all reasonable inferences in favor of Austin, the jury could also determine that Walgreens did not demonstrate good

cause, or that it was a pretext for terminating Austin. A jury could also conclude that Walgreens treated Austin differently than other employees who had also violated the Policy Against Workplace Violence. (Doc. 30 ¶ 24); *see Johnson v. Costco Wholesale*, 152 P.3d 727 (Mont. 2007) ("evidence exists that may lead a jury to believe that Costco did apply its employment policies arbitrarily in respect to Johnson").

Walgreens also argues that the Magistrate Judge failed to analyze relevant precedent and failed to give Walgreens the enhanced discretion it deserves in terminating managerial level employees. (Doc. 50 at 10-11). Walgreens correctly asserts that "employers have the broadest discretion when dealing with managerial employees." *Bird*, 386 P.3d at 606. However, the facts asserted by Austin sufficiently support that a jury may believe, despite the discretion Walgreens has in terminating managers, that the reason for terminating Austin was pretextual.

The Court agrees with the Magistrate Judge that neither party is entitled to summary judgment, as genuine issues of material fact exist for the jury to decide.

**IT IS ORDERED:**

1. The Findings and Recommendations (Doc. 49) are **ADOPTED IN FULL**.

2.  Walgreen's Motion for Summary Judgment (Doc. 23) is **GRANTED**, in part, and **DENIED,** in part, as stated in the Findings and Recommendations.

3.  Austin's Motion for Summary Judgment (Doc. 29) is **DENIED**.

DATED this 27th day of February, 2020.

Brian Morris
United States District Court Judge